UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOCELYNE BONAVENTURE,      :

              :

        Plaintiff,   :

              :   **SUMMARY ORDER**

    -against-      :   15-CV-05492 (DLI)

              :

ANDREW SAUL,[1]       :
Acting Commissioner of Social Security, :

              :

       Defendant.  :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Howard D. Olinsky, counsel to plaintiff Jocelyne Bonaventure ("Plaintiff") in this action,

moves pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), for an

award of attorney's fees in the amount of $13,208.50. *See*, Mot. for Atty.'s Fees ("Mot."), Dkt.

Entry No. 18. The Commissioner of Social Security ("Defendant") does not oppose the motion.

*See*, Resp. to Mot. for Atty.'s Fees ("Resp."), Dkt. Entry No. 20. For the reasons set forth below,

counsel's motion is granted. Counsel shall remit to Plaintiff $6,485.30, which is the amount

previously awarded to counsel for attorney's fees under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412. *See*, Dkt. Entry No. 17.

## BACKGROUND

Pursuant to a retainer agreement dated September 21, 2015, Plaintiff retained counsel to

represent her in pursuit of Social Security Disability ("SSD") benefits under the Social Security

Act. *See*, Exhibit A to Affirmation of Howard D. Olinsky ("Olinsky Aff."), Dkt. Entry No. 19-1

at 2-3. On September 22, 2015, with the assistance of counsel, Plaintiff filed an appeal challenging

an April 25, 2014 decision of an Administrative Law Judge ("ALJ") denying Plaintiff's claim for

---

[1] On June 17, 2019, Andrew Saul became the Acting Commissioner of Social Security. Therefore, the Court has substituted him as the named Defendant pursuant to Federal Rule of Civil Procedure 25(d).

benefits.  *See*, Complaint, Dkt. Entry No. 1.  On April 19, 2016, this Court so ordered the parties'

written stipulation and order of remand, reversed the ALJ's decision, and remanded the matter to

Defendant for further administrative proceedings.  *See*, Dkt. Entry No. 12.  On July 11, 2016, the

Court approved and so ordered the parties' written stipulation awarding Plaintiff's counsel

$6,485.30 for attorney's fees and expenses pursuant to the EAJA.  *See*, Dkt. Entry No. 17.

Administrative proceedings resumed and Plaintiff was found to be disabled and entitled to

SSD benefits.  *See*, Olinsky Aff. ¶ 11, Dkt. Entry No. 19.  On November 7, 2019, the Social

Security Administration ("SSA") advised Plaintiff that it withheld $19,208.50 or 25% of Plaintiff's

past due benefits for potential attorney's fees.  *See*, Exhibit D to Olinsky Aff. at 4, Dkt. Entry No.

19-4.  On March 18, 2020, the SSA notified Plaintiff that it approved a $6,000 fee to pay Brian

Eisner, Plaintiff's counsel during the administrative proceedings.  *See*, Exhibit C to Olinsky Aff.

at 2, Dkt. Entry No. 19-3.  Howard Olinsky now moves for this Court to authorize attorney's fees

in the amount of $13,208.50, representing the remainder of the withheld funds.  Olinsky Aff. ¶ 9.

Defendant does not oppose the motion.  *See*, Resp.

## DISCUSSION

A district court may award an attorney who successfully represents a claimant a

"reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the

claimant is entitled[.]"  42 U.S.C. § 406(b)(1)(A).  Where, as here, there is a contingency fee

arrangement in place, "the district court's determination of a reasonable fee under § 406(b) must

begin with the agreement, and the district court may reduce the amount called for by the

contingency agreement only when it finds the amount to be unreasonable."  *Wells v. Sullivan*, 907

F.2d 367, 371 (2d Cir. 1990) (citations omitted).  In determining whether a fee is unreasonable,

courts consider numerous factors including: "(1) whether the retainer was the result of fraud or

overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether

the fee would result in a windfall to the attorney in relation to the services provided; and (4) the

risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at

*1 (E.D.N.Y. July 15, 2011) (citing *Wells,* 907 F.2d at 372).

Here, the retainer agreement is a straightforward two-page document that Plaintiff executed

prior to the filing of her appeal. *See*, Exhibit A to Olinsky Aff.  The retainer provides that counsel

"has the right to ask the court to award any remaining balance of 25% of [Plaintiff's] past-due

benefits ('406(b) fees') for representing [Plaintiff] in federal court." *Id.* at 2.  Counsel "has this

right if the representative, who represents [Plaintiff] during remand proceedings, does not collect

the full 25% of [Plaintiff's] past-due benefits[.]" *Id.*  On its face, the agreement is reasonable as

the fee award it contemplates does not exceed the 25% statutory cap.  *See*, 42 U.S.C. §

406(b)(1)(A).  There is no indication in the record or allegations that the agreement is the product

of fraud or overreaching or that Plaintiff's counsel was ineffective or caused unnecessary delay.

The requested fee award also does not constitute a windfall to Plaintiff's counsel.  Counsel

seeks an award of attorney's fees of $13,208.50 for 37.8 hours of work in federal court.  Olinsky

Aff. ¶ 12.  This amount comprises 30 hours of attorney work at an hourly rate of $414.28 and 7.8

hours of paralegal work at an hourly rate of $100.00.  *Id.*  The fee award is less than 25%

($19,208.50) of Plaintiff's past due benefits and falls within the range of awards found to be

reasonable under § 406(b).  *See*, *e.g.*, *Long v. Commissioner of Social Security*, 2020 WL 6545904,

at *3 (E.D.N.Y. Nov. 6, 2020) (approving award of paralegal fees equivalent to hourly rate of $100

for 7.7 hours worked); *Cahill v. Colvin*, 2016 WL 4581342, at *2 (S.D.N.Y. Sept. 2, 2016)

(approving award of attorney's fees equivalent to hourly rate of $481.80 for 28.8 hours worked);

*Devaux v. Astrue*, 932 F. Supp.2d 349, 351-52 (E.D.N.Y. 2013) (approving award of attorney's

fees equivalent to hourly rate of $386.32 for 20.5 hours worked).  The award does not constitute a windfall when viewed against the positive result obtained by counsel in securing a remand and the risk of loss counsel assumed in taking Plaintiff's case on a contingency basis.  Accordingly, counsel's request for $13,208.50 in attorney's fees is reasonable.

Finally, although fees are permitted under both the EAJA and § 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Here, Plaintiff's counsel recovered $6,485.30 in attorney's fees under the EAJA and must return that amount to Plaintiff upon receipt of attorney's fees under § 406(b).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees is granted and counsel is awarded $13,208.50 pursuant to 42 U.S.C. § 406(b).  Plaintiff's counsel shall remit to Plaintiff the $6,485.30 previously awarded to counsel as attorney's fees under the Equal Access to Justice Act upon receipt of the $13,208.50.

SO ORDERED.

Dated: Brooklyn, New York
        April 19, 2021

                                                    /s/
                                        DORA L. IRIZARRY
                                        United States District Judge

4